KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 62. I agree with the result reached and the analysis employed by the dissent regarding Issue I, whether the trial court committed reversible error by allowing testimony about Young’s prior bad acts. “Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” Miss. R. Evid. 404(b). I agree with the dissent that the trial court erred in instructing the jury that the evidence of the twenty-year-old prior sexual abuse was being introduced “for the purpose of establishing motive, intent, plan, knowledge identity, or absence of mistake or accident” on the part of Young, as jurors were left to “take their pick” as to which exception applied in the instant case. Diss. Op. at 87.
¶ 68. Much like the jury in Green v. State, 89 So.3d 543, 559-60 (Miss.2012) (Kitchens, J., dissenting), the jury in the instant case “was left to speculate about the purpose for which the extrinsic evidence was adduced. Some jurors could have picked one set of options from the 404(b) list, while others on the jury made quite different selections. This Court certainly ought not guess about which of the 404(b) options might apply, if any.” Moreover, I agree with the dissent that the State’s contention that the testimony from the prior victim fit one or all of the enumerated exceptions under Rule 404(b) was merely a pretext “to gain admission of propensity evidence.” Diss. Op. at 47. *790 Accordingly, the proper disposition of this case is to reverse the conviction, given that the trial court’s error in this regard “prejudiced Young’s ability to defend his case.” Diss. Op. at 58.
¶ 64. However, the dissent and I diverge in opinion as to Young’s second assignment of error, whether the sexual assault nurse examiner in this case was qualified to testify that injuries to the victim were consistent with penetration. This Court heretofore has employed an overly broad application of the holdings in Richardson v. Methodist Hospital of Hattiesburg, Inc., 807 So.2d 1244 (Miss.2002), and Vaughn v. Mississippi Baptist Medical Center, 20 So.3d 645 (Miss.2009).
[T]he issue of whether a particular nurse, by virtue of his or her knowledge, skill, experience, training or education, possesses such ability is better determined by a case-by-case inquiry than by a broad, “one-size-fits-all” judicial pontification to the effect that no nurse in the world will ever be allowed to testify as to medical causation in any Mississippi court case. As is true of any other profession, the education, experience and understanding of nurses span a broad spectrum. We should not enunciate a hard and fast rule that permanently forecloses the possibility of any nurse’s being qualified to give expert testimony on medical causation in any and all cases that may arise in the future.
Id. at 657 (Kitchens, J., dissenting). I agree with the majority that the trial court did not err in allowing Nurse Thomas’s expert testimony.
CHANDLER AND KING, JJ„ JOIN THIS OPINION. DICKINSON, P.J., JOINS IN PART.